# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,              :        Case No. 3:00-cr-92(11)

                               District Judge Walter Herbert Rice
      -vs-                           Chief Magistrate Judge Michael R. Merz

                              :

FELIPE DELEMOS ABREU,

       Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Petition for Writ of Audita Querela or Coram Nobis (Doc. No. 950).

While the Court has jurisdiction to issue these writs under 28 U.S.C. §1651, they are only available to federal prisoners who are no longer in custody. *United States v. Monus*, 356 F. 3d 714 (6th Cir. 2004); *United States v. Johnson,* 237 F. 3d 751, 755 (6th Cir. 2001); *Flippins v. United States,* 747 F. 2d 1089, 1091 (6th Cir., 1984), followed *Meyers v. United States*, Case No. 00-3630 (6th Cir. December 5, 2000). That includes a person serving a term of supervised release. *United States v. Woods,* 145 F. 3rd 1335 (table), 1998 WL 228038 (6th Cir. 1998).   Petitioner's sentence from this Court included a five-year term of supervised release after incarceration and that period has not yet expired. (Doc. No. 706) Accordingly, neither of these two writs is available to him to obtain review of the constitutionality of his conviction.

Persons in federal custody must pursue claims of ineffective assistance of trial counsel by way of a motion to vacate judgment under 28 U.S.C. §2255.  Mr. Delemos has already filed such

a motion which was finally denied on statute of limitations grounds on January 6, 2004 (Doc. No. 870). While this Court could conceivably construe the instant Petition as a successive §2255 Motion, to do so would be a vain act: if the one-year statute of limitations had run when Defendant filed his first §2255 motion on November 20, 2003, it most assuredly had run by the time this Petition was filed October 3, 2005.

Accordingly, it is respectfully recommended that the Petition be dismissed without prejudice for failure to state a claim upon which coram nobis or audita querela relief can be granted.

November 7, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Delemos Coram Nobis R&R.wpd